UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 3:13-cr-00029-HDM-VPC |
| | ) | 3:16-cv-00316-HDM |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| NELSON JOVAN HERNANDEZ ANEDA, | ) | |
| | ) | |
| Defendant. | ) | |

On June 10, 2016, defendant filed a *pro se* motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The court hereby conducts its preliminary review of the motion pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, which provides:

> The judge who receives [a § 2255] motion must promptly examine it.  If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving part is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party.  If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

1

A federal inmate may move to vacate, set aside, or correct his sentence under § 2255 if: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. *Id.* § 2255. Defendant's motion is based on the Supreme Court's recent decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague.

Under the ACCA, certain persons forbidden by federal law from possessing, shipping or receiving firearms face increased penalties if they have three or more prior convictions for a "serious drug offense" or a "violent felony." The ACCA defines "violent felony" to include, among other things, an offense that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B)(ii). In *Johnson*, the Supreme Court held this part of the definition, referred to as the ACCA "residual clause," was unconstitutionally vague.

In his motion, defendant argues that his "prior state convictions do not qualify [for] ACCA Enhancement under 18 U.S.C. 924 (e)." However, defendant was not sentenced pursuant to the ACCA. His crime in this case was unlawful reentry in violation of 8 U.S.C. § 1326(a). Accordingly, whether any of defendant's prior convictions qualify as a violent felony under § 924(e) is irrelevant because he was not sentenced pursuant to that statute.

Defendant also argues that his sentencing range was increased for prior crimes of violence under U.S.S.G. § 2K2.1(A). Section

2

2K2.1 contains a definition of "crime of violence" that is effectively the same as the ACCA's definition of "violent felony" – including the residual clause. *See* § 2K2.1 adv. cmt. n.1; *id.* § 4B1.2(a). However, defendant's sentencing range was not based on § 2K2.1. Rather, for his unlawful reentry offense his range was established by § 2L1.2. Under § 2L1.2, defendant was subject to a 16-level enhancement for a prior drug trafficking crime. While *Johnson* impacts some of the definitions under § 2L1.2, *see United States v. Hernandez-Lara*, 817 F.3d 651, 652-53 (9th Cir. 2016), *Johnson* has no effect on the definition of a drug trafficking crime. *See Jaramillo v. United States*, 2016 WL 3456849, at *2 (N.D. Ga. June 3, 2016) ("*Johnson* offers no relief – and indeed, is completely inapplicable – to prisoners like [Movant] who were exposed to higher sentences based on prior drug trafficking offenses, not crimes of violence.").

   *Johnson* provides no basis for granting defendant relief in this case. Accordingly, pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts, defendant's § 2255 motion (ECF No. 36) is hereby **DISMISSED** and his motion for appointment of counsel is **DENIED**. The clerk shall serve a copy of this order on the defendant forthwith.

   IT IS SO ORDERED.

   DATED: This 12th day of July, 2016.

_____
UNITED STATES DISTRICT JUDGE